**In re the ESTATE of Sarah Brookman HICKS, Deceased.**

**Claude COOK et al., Appellees,**

**v.**

**Cassie MOORE et al., Appellants.**

Court of Appeals of Tennessee, Western Section.

Dec. 5, 1972.

Certiorari Denied by Supreme Court March 5, 1973.

Clay Walker, Morristown, for appellants.

Henry R. Price, Rogersville, for appellees.

CARNEY, Presiding Judge.

Mrs. Sarah Brookman Hicks died intestate in Hawkins County, Tennessee, January 26, 1972. She left no children. The next of kin were three nieces and one nephew: Mrs. Chloe Brooks, not a party hereto, and the appellants, Cassie Moore, Virginia Johns, and Howard Moore.

Appellants have appealed from a judgment of the County Court of Hawkins County overruling their exceptions to various claims against the estate of their deceased aunt as follows:

(1) Claude Cook was awarded $400.00 for his services as administrator of the estate of Sarah Brookman Hicks prior to the appointment of appellant Howard Moore as administrator.

(2) The Judge awarded the appellee, Henry R. Price, the sum of $250.00 for services rendered to the administrator, Claude Cook, during the period of time he served.

(3) The Judge awarded $4,000.00 to Claude Cook for his services rendered to Sarah Brookman Hicks in her lifetime.

(4) The Judge awarded $2,600.00 to Lucy Mae Cook, wife of Claude Cook, for her services rendered to Sarah Brookman Hicks in her lifetime.

The total value of the estate of Mrs. Hicks was approximately $8,500.00. Mr. George Hicks, husband of Mrs. Sarah Brookman Hicks, died November 9, 1961. They had no children. Appellee Claude Cook was a foster son but never legally adopted. Mr. and Mrs. Hicks lived on a farm in a rural community of Hawkins County called Mooresburg. Appellee Claude Cook went to live as a member of their family as a very young man in 1928. He was married to the appellee Lucy Mae Cook in 1934. He moved out of the home of Mr. and Mrs. Hicks into another dwelling on the farm and continued to live there until the death of Mrs. Sarah Brookman Hicks.

After the death of Mr. Hicks in 1961, Mrs. Hicks gave Claude Cook a deed to 50 acres of the farm, including the house in which Claude Cook lived. She continued to live in the main dwelling on the farm until the time of her death. However, sometime about two years prior to her death she sold the remainder of the farm and put the proceeds of the sale in a savings and loan association in Rogersville. This deposit of $8,000.00 represents most of the value of her estate.

After the death of Mrs. Hicks, Mr. Cook, with the knowledge and permission of the appellants, attended to the funeral arrangements. About a week later he made formal application to the County Court for appointment as administrator of her estate and set out in his petition the names of the appellants as the heirs at law and next of kin.

Mr. Cook was appointed, qualified, and served as administrator for several months during which time he held public sale of the household goods and personal property. Appellants filed petition for removal of Mr. Cook under the authority of T.C.A.

Section 30–109, claiming one of them was entitled to preference.

The request for removal was denied by the County Judge. However, the Circuit Court of Hawkins County granted a petition for writs of certiorari and supersedeas and ordered the County Court to remove the appellee, Claude Cook, as administrator which was done by the County Judge and the appellant, Howard Moore, was appointed in his place and stead.

The appellee, Claude Cook, did not mislead the County Court of Hawkins County nor did he suppress any information concerning the status of the estate of Mrs. Sarah Brookman Hicks nor of his right to serve as administrator. He recited in his petition that he had attended to the business affairs of Mrs. Hicks prior to her death as well as attended to her personal care and welfare.

His appointment was not invalid but was at most voidable. He did perform services as administrator. Franklin v. Franklin (1891), 91 Tenn. 119, 128, 18 S. W. 61. The evidence does not preponderate against the finding of the Trial Judge that a fee of $400.00 for the administrator and $250.00 for his attorney, Mr. Price, would be reasonable. Therefore, on the authority of Phillips' Pritchard on Wills, 3rd Edition, Section 497 and Section 790, T.C.A. Section 30–1107, we overrule assignments of error I and II.

Turning now to the judgments in favor of Claude Cook and his wife, Lucy Mae Cook, the evidence is contradictory. Appellants denied that Cook and wife rendered valuable services to the deceased under conditions implying a promise by deceased to compensate them. The other niece, Mrs. Chloe Brooks, testified for appellees.

The preponderance of the evidence is that Claude Cook and his wife did perform valuable services to Mrs. Hicks over a period of approximately ten years prior to

her death. The services consisted of personal services, taking her to the doctor, sometimes carrying meals to her, helping to buy groceries, washing, ironing and helping Mrs. Hicks to keep the house. Mrs. Hicks was ambulatory up until just a short time before her death. However, she was advanced in years being somewhere between 73 and 83 years of age at the time of her death. One witness said she suffered from abdominal cancer.

The proof is uncontradicted that for a period of about a year after the death of her husband, the appellee Claude Cook spent every night at her home. We find that the evidence does not preponderate against the finding of His Honor the Trial Judge that Mr. and Mrs. Cook did render valuable services over a period of many years to Mrs. Hicks under such circumstances that Mrs. Hicks knew or should have known that Mr. and Mrs. Cook expected compensation for their services. See Cotton v. Roberts' Estate, 47 Tenn.App. 277, 337 S.W.2d 776, and In Re Estate of Holding, (1970), 61 Tenn.App. 654, 457 S.W.2d 545. The assignments of error are respectfully overruled and the judgment of the lower Court affirmed. The cost of this appeal is taxed to the appellants. The costs in the Court below will be taxed against the estate of Mrs. Sarah Brookman Hicks.

MATHERNE and NEARN, JJ., concur.